U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2011 JUN 28 P 12: 59
JON W. SANFILIPPO
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 11-CR 135 |
| | [26 U.S.C. § 7206(1)] |
| | [31 U.S.C. §§ 5314 & 5322] |
| ARVIND AHUJA, | |
| Defendant. | **INDICTMENT** |

**THE GRAND JURY CHARGES**:

**Introduction**

At all times relevant to this Indictment, unless otherwise indicated:

1. ARVIND AHUJA, the defendant, was a United States citizen living in Greendale, Wisconsin, and was a board-certified neurosurgeon.

2. United States citizens had an obligation to report to the IRS on the Schedule B of a U.S. Individual Income Tax Return, Form 1040, whether that individual had a financial interest in, or signature authority over, a financial account in a foreign country in a particular year by checking "Yes" or "No" in the appropriate box and identifying the country where the account was maintained. United States citizens had an obligation to report all income earned from foreign financial accounts on the tax return and to pay the taxes due on that income.

3. United States citizens who had a financial interest in, or signature authority over, one or more financial accounts in a foreign country with an aggregate value of more than $10,000 at any time during a particular year were required to file with the Department of the Treasury a Report of Foreign Bank and Financial Accounts, Form TD F 90-22.1 (the "FBAR"). An FBAR

identified, among other things, the name of the financial institution at which the account was held, the account number, and the maximum value of the account during the calendar year. The FBAR for the applicable year was due by June 30 of the following year.

4. The Bailiwick of Jersey ("Jersey"), a British Crown dependancy located in the Channel Islands off the coast of Normandy, France, was a tax haven, meaning that its institutions and laws, including bank secrecy laws, were intended to conceal financial information from other countries.

5. In or about the early 2000s, the exact date being unknown to the grand jury, AHUJA opened and caused to be opened bank accounts located in India at The Hongkong and Shanghai Banking Corporation Limited, India. ("HSBC India").

6. In or about the early 2000s, the exact date being unknown to the grand jury, AHUJA opened and caused to be opened a "Premier" bank account at HSBC Bank USA in New York, New York ("HSBC USA"), which he used to wire transfer millions of dollars from the United States to his HSBC India accounts.

7. On or about the dates set forth below, AHUJA wire transferred or caused to be wire transferred the following amounts of funds from his HSBC USA account to his HSBC India accounts, with the accompanying descriptions:

| Date of Transfer | Amount | Description |
| --- | --- | --- |
| November 7, 2005 | $1,000,000 | HSBC India's Account XXX-XX417-2 |
| January 31, 2007 | $500,000 | HSBC New Delhi India |
| March 16, 2007 | $500,000 | HSBC New Delhi |
| July 30, 2007 | $400,000 | HSBC New Delhi |
| November 7, 2007 | $500,000 | HSBC New Delhi India |
| February 11, 2008 | $500,000 | HSBC Bank, Swift |

2

| April 17, 2008 | $500,000 | HSBC New Delhi India |
| June 17, 2008 | $750,000 | HSBC India's Account No. XXX-XX417-2 |

8. During calendar years 2006 through 2009, the approximate high balances in AHUJA's HSBC India accounts were as follows:

| Year | High Balance |
|---|---|
| 2006 | $5,343,247 |
| 2007 | $8,695,095 |
| 2008 | $8,416,363 |
| 2009 | $8,733,785 |

9. During calendar years 2006 through 2009, AHUJA invested the funds in his HSBC India accounts in certificates of deposit, which earned interest income in the following approximate amounts:

| Year | Interest Income |
|---|---|
| 2006 | $191,365 |
| 2007 | $355,797 |
| 2008 | $385,594 |
| 2009 | $293,448 |

## COUNTS ONE THROUGH FOUR
(Subscribing to False Individual Tax Returns)

10. The allegations of paragraph 1 through 9 are restated as if fully alleged herein.

11. On or about the filing dates set forth below, in the State and Eastern District of Wisconsin, and elsewhere, the defendant,

**ARVIND AHUJA,**

did willfully make and subscribe U.S. Individual Income Tax Returns, Forms 1040, for the

3

calendar years set forth below and filed with the Internal Revenue Service on or about the dates indicated below, which returns contained and were verified by the written declaration of AHUJA that they were made under penalties of perjury, and which returns AHUJA did not believe to be true and correct as to every material matter, in that AHUJA: (a) failed to report on Lines 8a, 9a, and 22 income received by him in one or more bank, securities, and other financial accounts located in India and Jersey, and (b) failed, on Schedule B, Part II, line 7a, to report that he had an interest in, or a signature or other authority over, bank, securities, and other financial accounts located in India and Jersey, whereas, in fact, and as AHUJA well knew and believed, he had received substantial income in one or more financial accounts located in India and Jersey, and had an interest in, or a signature or other authority over, bank, securities, and other financial accounts located in India and Jersey:

| Count | Calendar Year | Approximate Date of Filing |
|---|---|---|
| One | 2006 | April 16, 2007 |
| Two | 2007 | April 15, 2008 |
| Three | 2008 | April 28, 2009 |
| Four | 2009 | April 15, 2010 |

All in violation of Title 26, United States Code, Section 7206(1).

### COUNTS FIVE THROUGH EIGHT
### (Willful Failure to File FBARs)

12. The allegations of paragraphs 1 through 9 are restated as if fully alleged herein.

13. On or before the due dates listed below, in the State and Eastern District of Wisconsin, and elsewhere, the defendant,

**ARVIND AHUJA,**

4

did unlawfully, willfully, and knowingly fail to file with the Commissioner of the Internal Revenue Service, U.S. Department of the Treasury, an FBAR disclosing that he had a financial interest in, and signature and other authority over, a bank, securities, and other financial account in a foreign country, to wit, at least one financial account located in India at HSBC India, which had an aggregate value of more than $10,000 at any time during the years listed below:

| Count | Calendar Year | Due Date of FBAR |
|-------|---------------|------------------|
| Five  | 2006          | June 30, 2007    |
| Six   | 2007          | June 30, 2008    |
| Seven | 2008          | June 30, 2009    |
| Eight | 2009          | June 30, 2010    |

All in violation of Title 31, United States Code, Sections 5314 & 5322; and Title 31 Code of Federal Regulations, Sections 1010.350, 1010.306(c, d) & 1010.840(b) (formerly Title 31 Code of Federal Regulations, Sections 103.24, 103.27(c, d) & 103.59(b)).

A TRUE BILL:

Foreperson

6/28/11
Date

JAMES L. SANTELLE
United States Attorney