<pre>
 1                 UNITED STATES DISTRICT COURT

 2              FOR THE EASTERN DISTRICT OF WISCONSIN

 3   ------------------------------------------------------------

 4   UNITED STATES OF AMERICA,        )
                                      )       Case No. CR 11-135
 5                    Plaintiff,      )       Milwaukee, Wisconsin
                                      )
 6        vs.                         )       August 22, 2012
                                      )       8:30 a.m.
 7   ARVIND AHUJA,                    )
                                      )       **VOLUME 6**
 8                    Defendant.      )       PAGES 1048-1069

 9   ------------------------------------------------------------

10                  **TRANSCRIPT OF JURY TRIAL**
             BEFORE THE HONORABLE CHARLES N. CLEVERT, JR.
11           UNITED STATES CHIEF DISTRICT JUDGE, AND A JURY

12   APPEARANCES:

13    For the Plaintiff
      UNITED STATES OF AMERICA:     Office of the US Attorney
14                                  By: TRACY M. JOHNSON
                                    517 E Wisconsin Ave - Rm. 530
15                                  Milwaukee, WI 53202
                                    Ph: 414-297-1580
16                                  Fax: 414-297-4394
                                    tracy.johnson@usdoj.gov
17
                                    United States Department of
18                                  Justice DC
                                    By: JOHN E. SULLIVAN
19                                      MELISSA S. SISKIND
                                    Tax Division - Ben Franklin
20                                  Station - PO Box 972
                                    Washington, DC 20044
21                                  Ph: 202-514-5196
                                    Fax: 202-616-1786
22                                  john.e.sullivan@usdoj.gov
                                    melissa.s.siskind@usdoj.gov
23
      U.S. Official Reporter:       JOHN T. SCHINDHELM, RMR, CRR,
24                                  johns54@sbcglobal.net

25    Proceedings recorded by computerized stenography,
      transcript produced by computer aided transcription.
</pre>

```
 1    APPEARANCES CONT'D:

 2    For the Defendant            Friebert, Finerty & St. John SC
      ARVIND AHUJA:                By: SHANNON A. ALLEN
 3    (Present)                    Two Plaza East - Ste 1250 - 330 E
                                   Kilbourn Ave
 4                                 Milwaukee , WI 53202
                                   Ph: 414-271-0130
 5                                 Fax: 414-272-8191
                                   saa@ffsj.com
 6
                                   Winston & Strawn LLP
 7                                 By: DAN K. WEBB
                                       THOMAS L. KIRSCH II
 8                                 35 W Wacker Dr
                                   Chicago , IL 60601-9703
 9                                 Ph: 312-558-5600
                                   Fax: 312-558-5700
10                                 dwebb@winston.com
                                   tkirsch@winston.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1          P R O C E E D I N G S (8:33 a.m.)

2              THE COURT:  Good morning.

3              IN UNISON:  Good morning.

4              THE COURT:  Be seated, please.  Case No. 11-CR-135,

5      U.S. vs. Arvind Ahuja.  You're appearances, please?

6              MR. SULLIVAN:  John Sullivan, Melissa Siskind, Tracy

7      Johnson, and Special Agent Geoffrey Cook for the United States.

8              THE COURT:  Good morning.

9              MR. WEBB:  Your Honor, Dan Webb, Tom Kirsch and

10     Shannon Allen on behalf of Dr. Ahuja who is present in court.

11             THE COURT:  Good morning to all of you as well.

12             IN UNISON:  Good morning.

13             THE COURT:  Last night the verdict form was reviewed

14     and revised along with the instructions, in light of our

15     discussion late yesterday.  I trust you've received e-mails of

16     these documents and invite your comments.

17             MS. SISKIND:  I don't believe we received any e-mails.

18             MR. KIRSCH:  I got one with the jury instructions last

19     night.  I didn't get the verdict form but I've reviewed the jury

20     instructions and they seem to be fine, consistent with what the

21     Court read in court yesterday.

22             THE COURT:  I believe the e-mail should have been sent

23     to you, Ms. Siskind, and to Ms. Johnson as well.

24             MS. SISKIND:  We did not receive it, Your Honor.

25             THE COURT:  Well, I will give you copies of the

1050

1    instructions which have been reordered a bit in light of what

2    occurred yesterday, and modifications were made where

3    typographical changes were necessary.  I'll give you a few

4    minutes to look the documents over.

5            MS. SISKIND:  Your Honor, the first thing I noticed is

6    the case number is wrong, it's 11-CR-135, not 35.

7            THE COURT:  135.  All right.  That can be modified

8    easily.  Is there anything else?

9            (No response.)

10           THE COURT:  I'll return in a couple moments so you can

11   have more time to look over the documents.

12           Has the defense looked them over?

13           MR. KIRSCH:  Yes, Your Honor.  I just looked at the

14   e-mail, it looks like it was sent to Melissa dot instead of

15   Melissa underscore Siskind.

16           THE COURT:  Dots and underscores make a difference in

17   our dot-com society.

18           THE BAILIFF:  All rise.

19           (Recess taken at 8:36 a.m., until 8:59 a.m.)

20           THE COURT:  Be seated, please.

21           Have the parties had a chance to review the revised

22   documents?

23           MS. SISKIND:  Yes, Your Honor.

24           THE COURT:  Are they satisfactory to the government?

25           MS. SISKIND:  Yes, Your Honor.

1      THE COURT:  Are they satisfactory to the defense?

2          MR. WEBB:  Yes, Your Honor.

3          THE COURT:  What we'll do is we'll bring the jury in

4    and we'll have the bailiff sworn and I will ask that the

09:00    5    documents be taken to the jury room for the jury's use, and

6    deliberations will then commence.

7          THE BAILIFF:  All rise.

8          (Jury in at 9:01 a.m.)

9          (Bailiff sworn.)

09:01   10          THE COURT:  Members of the jury, the exhibits that you

11   may review are being brought to the jury room.  You will each

12   have copies of the instructions as well as a copy of the

13   verdict.  I do ask that you commence your deliberations at this

14   time, and that you, again, take note of the requirement that you

09:02   15   not do any type of research, that you not look at any materials

16   or consider any matters that were not presented during the

17   course of this trial.

18          Thank you very much.  Please rise.

19          (Jury out for deliberations at 9:02 a.m.)

09:02   20          THE COURT:  Be seated.

21          I would certainly suggest to the parties that you

22   remain available for at least the first 30 minutes following the

23   commencement of instructions, inasmuch as early on in

24   deliberations there are questions.  After that if you will be

09:03   25   available for jury questions or any other matters I'd say within

1    30 minutes.  All right?  Is there anything else?

2         MS. JOHNSON:  Not from the government

3         THE COURT:  Very well.  We are in recess.

4         (Trial adjourned for continued jury deliberations at

03:40  5    9:03 a.m., until 3:40 p.m.)

6         THE COURT:  Be seated, please.

7         The Court has received a note from the jury.  It came

8    at approximately 2:55 p.m. this afternoon, and copies have been

9    provided to you.

03:41  10        For the record it states:

11        "What is the procedure for receiving testimony to

12   review?"

13        "2.  Can we review Mr. Miller's testimony regarding

14   Dr. Ahuja's response that, quote, 'he would get back to him,'

03:41  15   unquote, regarding foreign bank accounts?"

16        It's signed by the foreperson.  The government may

17   respond.

18        MR. SULLIVAN:  Your Honor, I think these two questions

19   are really the same question.  They're asking for a portion of

03:41  20   the testimony.  We would ask that the Court respond to the

21   question that the jurors should use their collective

22   recollection of the testimony because they're not entitled to

23   just one small part of a transcript.

24        THE COURT:  The defense.

03:42  25        MR. WEBB:  We have a similar suggestion.  We agree

1     essentially that -- I think the response, though -- if my

2     understanding from my recollection of the case law is correct,

3     my suggestion is the response should be -- and I wrote it down

4     here, but that -- "We will not be able to provide you with

5     witness testimony. You must rely on your individual

6     recollections regarding witness testimony."

7     I think the case law talks about their individual

8     recollections, and because there's really no such thing as a

9     collective recollection. I mean, they reach are to rely upon

10     their individual recollections. I think that's what the case

11     law says, based on what I recall from the case law. So that's

12     my suggested response.

13     THE COURT: Well, the Court is certainly in agreement

14     with the bottom-line response to the jury's request, that is,

15     the testimony of Mr. Miller should not be read to the jury.

16     The Court will craft a response and you will get a

17     chance to look at it before it goes in and I will write it out

18     now.

19     This is what I propose: "Mr. Miller's testimony will

20     not be made available to you; therefore, you must rely upon your

21     recollection of his testimony."

22     Do you wish to be heard?

23     MR. WEBB: Your Honor, the first question which was is

24     there a procedure for viewing testimony, is there a procedure

25     for reviewing testimony to review --

1054

1    THE COURT:  I don't think it's necessary to break the

2    response down because it's apparent that together the questions

3    are asking that Mr. Miller's testimony be read or otherwise made

4    available to the jury.  That's why I responded in that way.  But

03:46    5    it is clear that there are two questions written out, but the

6    two questions really require only one response: "No."

7    MR. WEBB:  I'm not trying to be disagreeable.  I only

8    would suggest -- I thought they might be looking for a procedure

9    to review more testimony than Mr. Miller's, and I thought we

03:46    10    should be more assertive to make sure they know they're not

11    going to get any witness testimony.  But if you prefer not to

12    I'm not objecting -- I'm not objecting to what you are going

13    to -- I was trying to make it more comprehensive to avoid

14    further questions.

03:46    15    THE COURT:  I appreciate that view because I hadn't

16    thought of the request as one that might be broader than a

17    request that Mr. Miller's testimony be made available.

18    Does the government have any further comment?  Because

19    in light of what Mr. Webb has said it is perhaps prudent to make

03:47    20    clear to the jury that transcripts will not be available to the

21    jury.

22    MR. SULLIVAN:  We agree with that.  That probably

23    makes sense.

24    THE COURT:  All right.  "Testimony will not be made

03:50    25    available to you.  Therefore, Mr. Miller's testimony cannot be

1055

1  reviewed and you must rely upon your recollection of all witness

2  testimony."

3          MR. SULLIVAN:  No objection from the government.

4          MR. WEBB:  No objection, Your Honor.

03:50  5          THE COURT:  All right.  That will be typed up and

6  submitted to the jury.  We will provide you with a copy of what

7  is given to the jury for your files.

8          All right?

9          MR. WEBB:  Yes, sir.  Can I raise one other quickie

03:50  10  while you're here, Your Honor?

11          THE COURT:  Certainly.

12          MR. WEBB:  My experience over the years is that -- I'm

13  always concerned that -- having jurors feel any pressure as they

14  deliberate reaching a verdict.  They started at around 9:00

03:51  15  o'clock this morning.  I would respectfully ask the court if at

16  5:00 p.m. you would simply send in a note that says "Would you

17  prefer to continue deliberating or would you rather come back

18  and resume the deliberations tomorrow morning at 8:30?"  That

19  way they don't feel pressured.  And 9:30 to 5:00 is a long day

03:51  20  of jurors talking to each other, and I would like to give them

21  that option so that they don't feel pressured.

22          THE COURT:  Well, I certainly appreciate what you have

23  to say, but we will go until at least 6 :00.

24          MR. WEBB:  Yes, Your Honor.

03:51  25          THE COURT:  Is there anything else?

1056

1    MR. WEBB:  No, Your Honor.

2    THE COURT:  We will not -- I will not have them

3 deliberate after 6:00, in part because they will be doing

4 fire-alarm testing.  Tomorrow morning we have naturalization

03:51    5 ceremonies that will be taking place in the morning.  Hence, if

6 it is necessary for you to enter the building at some point

7 during the day and there is a long line, simply go to the CSOs

8 and let them know you're coming to this courtroom and we'll make

9 arrangements for you to bypass the line.  Okay?

03:52   10    MR. WEBB:  Thank you, Your Honor.

11    THE COURT:  All right.  All right, we'll get the note

12 to the jury and copies will be provided.

13    THE BAILIFF:  All rise.

14    (Trial adjourned for continued jury deliberations at

05:13   15 3:52 p.m., until 5:13 p.m.)

16    THE BAILIFF:  All rise.

17    (Jury in at 5:14 p.m.)

18    THE BAILIFF:  Please be seated

19    THE COURT:  Has the jury arrived at a verdict?

05:14   20    THE FOREPERSON:  We have, Your Honor.

21    THE COURT:  Would you please hand it to the bailiff.

22    (Verdict tendered to the court.)

23    THE COURT:  Would the clerk please read the verdict,

24 and would the defendant please stand.

05:15   25    **VERDICT**

1057

1    THE CLERK:  Verdict in United States District Court,

2   Eastern District of Wisconsin, Case No. 11-CR-135, United States

3   of America vs. Arvind Ahuja.

4        We, the jury, having been duly empaneled and sworn,

5   return the following verdicts:

6        Count 1.  Willfully making and subscribing a false tax

7   return for calendar year 2006.

8        Not guilty.

9        Count 2.  Willfully making and subscribing a false tax

10   return for calendar year 2007.

11        Not guilty.

12        Count 3.  Willfully making and subscribing a false tax

13   return for calendar year 2008.

14        Not guilty.

15        Count 4.  Willfully making and subscribing a false tax

16   return for calendar year 2009.

17        Guilty.

18        Count 5.  Willful failure to file an FBAR for calendar

19   year 2007.

20        Not guilty.

21        Count 6.  Willful failure to file an FBAR for calendar

22   year 2008.

23        Not guilty.

24        Count 7.  Willful failure to file an FBAR for calendar

25   year 2009.

1          Guilty.

2          Signed by the foreperson, dated August 22nd, 2012.

3          THE COURT:  Starting with the foreperson and moving to

4   the left and then across the jury box moving to the right, was

5   this and is this now your verdict?

6          A JUROR:  Yes, Your Honor.

7          A JUROR:  Yes, Your Honor.

8          A JUROR:  Yes.

9          A JUROR:  Yes, Your Honor.

10         A JUROR:  Yes, sir.

11         A JUROR:  Yes, Your Honor.

12         A JUROR:  Yes, Your Honor.

13         A JUROR:  Yes, Your Honor.

14         A JUROR:  Yes, Your Honor.

15         A JUROR:  Yes, Your Honor.

16         A JUROR:  Yes, Your Honor.

17         A JUROR:  Yes, Your Honor.

18         THE COURT:  Members of the jury, I discharge you at

19  this time with the thanks of the parties.  Our system works

20  because of you.  Each person charged with a crime is entitled to

21  a jury of his or her peers, a jury which has considered and

22  deliberated on the evidence and has applied the law as

23  instructed by the court.  You've shown patience, you've devoted

24  your time, and you've certainly paid attention to the evidence

25  in the case, and on behalf of the parties I thank you and I ask

1    that you return to the jury room at this time.

2              THE BAILIFF:  All rise.

3              (Jury out at 5:17 p.m.)

4              THE COURT:  Please be seated.  At the outset, on the

05:18  5    basis of the verdict which was just returned by the jury, the

6    Court does find that the defendant's motion for a judgment of

7    acquittal which was previously filed and under consideration by

8    the Court is deemed moot.

9              With that, I invite any comments that the parties wish

05:18  10   to make.  First of all, does the government wish to be heard?

11             MS. SISKIND:  Yes, Your Honor.  On the subject of

12   bond, Your Honor, we do not oppose that the defendant be

13   released on bond; however, we would ask a substantial increase

14   in the amount of the cash bond from what it's previously set at.

05:19  15   I believe it's currently set at $5,000.

16             In light of the picture Your Honor heard about the

17   defendant's finances in this case, the substantial tax loss

18   related to these charges and the fact that the presumption of

19   innocence has now been removed by the jury's verdict, the

05:19  20   government would respectfully request a bond to be set at a

21   higher amount.  The government would recommend that the

22   defendant be required to post both of his homes as collateral

23   for his bond.

24             THE COURT:  I turn to the defense.

05:19  25             MR. WEBB:  Your Honor, we strenuously object to that.

1060

1    There's no chance this defendant will not be here at any time

2    this court orders him to be here.  There's just no question.

3    Trying to make him post his homes at this point in time, there's

4    just no factual basis to request that.  And he's always been

5    here, he'll always be here.  There's no possibility he will not

6    be here with all the ties he has to this community, and there's

7    just no basis to make him post his homes.

8             THE COURT:  Well, I do believe that there certainly is

9    a basis for concern on the part of the government as to whether

10   or not this defendant will remain in the community.  On the

11   other hand, I have not seen anything during the course of this

12   case to suggest that the defendant will not appear for further

13   proceedings, or otherwise cooperate in the preparation of a

14   presentence report.

15            Let me look at something else, however.

16            (Brief pause.)

17            THE COURT:  It would appear to the Court that the

18   defendant should be required, at the very least, to be barred

19   from encumbering or otherwise transferring any assets except in

20   the ordinary course of his employment.  I don't believe that any

21   additional security would therefore be necessary.

22            Do the parties wish to be heard with respect to the

23   same?

24            MS. SISKIND:  Your Honor, we just raise one additional

25   issue.  Your Honor can see from a review of the docket the sheer

1    number of times the defendant has been permitted to travel

2    outside --

3              THE COURT:  I note that he was permitted to travel to

4    Phoenix and --

5              MS. SISKIND:  I think there was at least a dozen --

6              THE COURT:  I know at least three that I just looked

7    at.

8              MS. SISKIND:  And he was also allowed to travel at one

9    point outside of the United States.

10             THE COURT:  I will not allow any travel outside the

11   United States.  So the defendant's passport is to be retrieved.

12             MS. SISKIND:  I believe the clerk's office has had it

13   since the beginning of this case.  We would ask that travel be

14   restricted to this district.

15             THE COURT:  Yes.

16             MR. WEBB:  Your Honor, he has traveled in the

17   Continental United States because of his children who are in

18   school in other parts of the country.  And he's supposed to

19   travel next week, for example, to get his youngest daughter

20   situated in school.  That would be an enormous hardship --

21             THE COURT:  I'm not going to restrict his travel any

22   more than it was otherwise restricted, except he may not travel

23   outside the Continental United States.  His passport is to be

24   retained in that regard.

25             The defendant is, however, barred from, as I said,

1    transferring any assets except in the ordinary course of

2    business.  And if there is to be any -- and he may not obviously

3    encumber any assets that he has.  To the extent that there are

4    transfers, minimal transfers of $500 or less would not be

5    included in this.  All right?

6         Is there any question respecting these limitations?

7         MR. WEBB:  No, Your Honor.  I had one other issue,

8    though, very quickly.  On the statement by the Court that our

9    post-trial motion is moot, we did have -- he was convicted now

10   of 2009, and we did have -- our post-trial motion was directed

11   at 2009.

12        THE COURT:  All right.  I was thinking it was only to

13   2007 and 2008 -- 2006, 2007 and 2008.  Let me look at it again.

14   But to the extent that 2009 is included then it would not be

15   moot.

16        MR. WEBB:  We filed a supplemental brief on 2009,

17   Your Honor.  2007 to 2008.  The motion went to 2009.

18        THE COURT:  Let me look at the last one.  The 152.

19   Counts 7 and 8.

20        (Brief pause.)

21        THE COURT:  2009 would be Count 9.  I do not see --

22        MR. KIRSCH:  Your Honor?

23        THE COURT:  Yes.

24        MR. KIRSCH:  You may be looking at our supplemental

25   brief with supplemental authorities, but we moved for a directed

1063

1    verdict on all the counts in the Rule 29 motion that was filed.

2    And then after the Court had some questions we filed that

3    supplemental authority where we focused on 2007 and 2008.  But

4    our Rule 29 motion was for all years and all counts.

05:30  5         THE COURT:  All right.  I was just looking at 152

6    which was the supplemental brief that you filed on the 21st.

7    I'll go back to look at the initial motion.  Paragraph 5 does

8    say all counts, so it is not moot except as to the counts as to

9    which there were verdicts of not guilty.

05:30 10         All right.  Now, in connection with the motion for

11   judgment of acquittal, I assume you are reiterating your request

12   for a judgment of acquittal?

13        MR. KIRSCH:  Yes, Your Honor.

14        THE COURT:  Do you wish to have time to supplement

05:31 15   what was previously submitted?

16        MR. KIRSCH:  Yes.

17        THE COURT:  That way would be most helpful because

18   then you can focus on which counts there were verdicts of

19   guilty.  How much time do you need?

05:31 20        MR. KIRSCH:  14 days.  Whatever the Court is inclined

21   to give.

22        THE COURT:  I will give you whatever time you need.

23        MR. KIRSCH:  14 days then, Your Honor.

24        THE COURT:  I would assume the government would like

05:31 25   to respond in writing?

1          MS. SISKIND:  Yes, Your Honor.

2          THE COURT:  How much time do you think you'd need?

3          MS. SISKIND:  14 days as well, Your Honor.

4          THE COURT:  All right.  Can the clerk give us a

05:31    5  schedule for sentencing in this matter subsequent to submission

6  of the briefs.

7          (Clerk and Court confer.)

8          THE CLERK:  Okay.  The presentence report would be due

9  December 12th.

05:34   10          Any objections to the presentence report are due

11  January 3rd.

12          Any motions and sentencing memoranda are due January

13  10th.

14          And a sentencing date of January 18th at 9:30.

05:35   15          Actually, Counsel, I'm sorry, we're going to have to

16  change that time to 10:00 o'clock.

17          THE COURT:  Is that satisfactory to both parties?

18          MS. SISKIND:  Yes, Your Honor.

19          MR. WEBB:  Yes, Your Honor.

05:35   20          THE COURT:  Is there anything else at this time?

21          MS. SISKIND:  Not from the government, Your Honor.

22          MR. KIRSCH:  There is, Your Honor.  Exhibits.  Is it

23  the Court's practice to give the exhibits back to the parties?

24          THE COURT:  No.

05:35   25          MR. KIRSCH:  Okay.  Your Honor, we ask -- we are going

1065

1    to file -- hopefully it's going to be an agreed motion, but

2    we're going to file a motion to seal some of the exhibits in the

3    case.  We ask that the Court at least temporarily hold those

4    exhibits under seal so we can file something, say seven days.

5    But I want to give the government a chance to look at it before.

6              THE COURT:  The exhibits will be retained in chambers

7    and not forwarded to the clerk's office until the parties have

8    had a chance to consider how they should be handled.

9              The Court notes that there are tax returns and other

10   personal information in the exhibits which ordinarily should not

11   be open to public scrutiny except under exceptional

12   circumstances and, therefore, these materials will be held

13   pending the receipt of a formal motion and/or stipulation by the

14   parties.

15             MS. SISKIND:  Your Honor, on a related issue

16   Mr. Kirsch's comment reminded me, three of the tax returns that

17   are in evidence are original returns that the IRS needs back.

18   So somebody will be giving your chambers copies of returns to

19   substitute -- certified copies to substitute for the originals.

20             THE COURT:  Again, I urge the parties to work jointly

21   in submitting requests and/or motions to the Court.  All right?

22             Let me note, I did see something in the transcript

23   that was not clearly ruled upon, and that was a motion for

24   mistrial that the defendant made in the early portion of the

25   case.  I don't recall exactly the time.  But by virtue of the

1    Court's ruling which followed that side-bar motion, the Court

2    was denying the motion for mistrial.  Just so that the record is

3    complete and all of the pending motions are addressed in one

4    fashion or another.

05:37    5                Is there anything else?

6                MS. SISKIND:  No, Your Honor.

7                MR. WEBB:  No, Your Honor.

8                THE COURT:  Very well.  We stand in recess.

9                THE BAILIFF:  All rise.

05:38    10               (Trial concluded at 5:38 p.m.)

11                                  *    *    *

1  UNITED STATES DISTRICT COURT

2  EASTERN DISTRICT OF WISCONSIN

3

4          I, JOHN T. SCHINDHELM, RMR, CRR, Official Court

5  Reporter for the United States District Court, Eastern District

6  of Wisconsin, do hereby certify that I reported the foregoing

7  proceedings, and that the same is true and correct in accordance

8  with my original machine shorthand notes taken at said time and

9  place.

10 Dated this 22nd day of August, 2012

11 Milwaukee, Wisconsin.

12

13 _____
   Official Court Reporter
14 United States District Court

```
1                       I N D E X

2    VERDICT

3        PUBLISHED BY THE CLERK.......................... 1057

4

5    WITNESS   EXAMINATION                              PAGE

6                   NO WITNESS TESTIMONY

7        ...............................................

8

9                         * * * * *

10                    E X H I B I T S

11   NUMBER              DESCRIPTION            OFFERED ADMITTED

12                     NO EXHIBITS

13

14

15

16

17

18

19

20

21

22

23

24

25
```